EDGAR M. WESTERVELT, RECEIVER, v. ALEXANDER H. BAKER ET AL.

FILED SEPTEMBER 23, 1898.    No. 8252.

1. Married Woman: LIABILITY AS SURETY ON NOTE: ESTOPPEL. A national bank loaned a customer a sum of money greater than ten per cent of its capital, contrary to the United States statutes. The customer's wife signed the notes given for this loan, as surety. *Held*, In a suit upon the notes, the wife was not estopped from interposing her coverture and that she signed the notes as surety, as a defense.

2. ———: ———: CONSTRUCTION OF STATUTE. The court adheres to the construction placed by it upon the "Married Woman's Act" in *Grand Island Banking Co. v. Wright*, 53 Neb. 574.

ERROR from the district court of Hall county. Tried below before KENDALL, J. *Affirmed.*

*O. A. Abbott* and *Abbott & Caldwell*, for plaintiff in error.

References: *Todd v. Lee*, 15 Wis. 400; *Kavanagh v. O'Neill*, 53 Wis. 101; *Jones v. Crosthwaite*, 17 Ia. 393; *Patton v. Kinsman*, 17 Ia. 428; *Elliott v. Lawhead*, 43 O. St. 171; *Johnson County v. Rugg*, 18 Ia. 137; *Deering v. Boyle*, 8 Kan. 525; *Wicks v. Mitchell*, 9 Kan. 80; *Marlow v. Barlew*, 53 Cal. 456; *Williams v. Urmston,* 35 O. St. 296;

*Metropolitan Bank v. Taylor,* 62 Mo. 338; *Bell 'v. Kellar,* 13
B. Mon. [Ky.] 381; *Cowles v. Morgan,* 34 Ala. 535; *Burnett v. Hawpe,* 25 Gratt. [Va.] 481; *Mayo v. Hutchinson,*
57 Me. 546; *Cookson v. Toole,* 59 Ill. 515; *Elder v. Jones,*
85 Ill. 384; *Yale v. Dederer,* 22 N. Y. 450; *Reed v. Buys,*
44 Mich. 80; *De Vries v. Conklin,* 22 Mich. 255; *Willard v.
Eastham,* 15 Gray [Mass.] 328; *Ankeney v. Hannon,* 147
U. S. 118; *Watson v. Thurber,* 11 Mich. 457; *Edwards v.
Schoeneman,* 104 Ill. 278; *Woolsey v. Brown,* 74 N. Y. 82;
*Corn Exchange Ins. Co. v. Babcock,* 42 N. Y. 613; *Owen v.
Cawley,* 36 N. Y. 600; *Williams v. Hayward,* 117 Mass. 532;
*Major v. Holmes,* 124 Mass. 108; *Webb v. Hoselton,* 4 Neb.
308.

*W. H. Thompson* and *Robert Patrick, contra.*

RAGAN, C.

Westervelt, as receiver of the Citizens National Bank
of Grand Island brought this suit in the district court
of Hall county against A. H. Baker and Mary J. Baker,
his wife, upon two promissory notes executed and delivered by them to said bank. Mrs. Baker interposed as
a defense to the action of the receiver that at the date
of the execution of said notes she was a married woman
—the wife of A. H. Baker—and signed the notes sued
upon as surety for her husband; that she did not receive, directly or indirectly, any portion of the consideration for which said notes were given; that they were
not given with reference to her separate property, trade,
or business, or upon the faith and credit thereof, nor
with intent on her part to thereby charge her separate
estate with their payment. Mrs. Baker had a verdict
and judgment for the review of which the receiver has
filed here a petition in error.

1. The first argument is that the finding of the jury
sustaining Mrs. Baker's defense, aside from the fact of
her being a *feme covert,* is not sustained by sufficient
evidence. We think it is.

2. One of the notes was signed: "M. J. Baker.  A. H. Baker." The other was signed: "A. H. Baker.  M. J. Baker." The aggregate of the two notes exceeded $6,000. The capital stock of the bank was $60,000. It was pleaded by the receiver below, and he insists here, that Mrs. Baker is estopped from interposing her defense to these notes because by virtue of the United States statutes it is unlawful for a national bank to lend to one person more than ten per cent of its capital stock; that persons examining the notes made by Mrs. Baker and her husband would presume one of them to be for his debt, and one for hers, because of the position which their names occupied on said notes, and that the position of said names was calculated to deceive national bank examiners; that Mr. Baker was thereby enabled to procure a larger loan from said bank than the law permitted it to make. We admit that we are unable to comprehend the force of this argument. ·What fact should Mrs. Baker be estopped from asserting?  Certainly not that she was a *feme covert* at the time she executed the notes. She did not by her conduct lead the officials of the bank, at the time they made the loan to her husband, to believe that she was a *feme sole*. Had she done so and the bank's officers had relied upon her representation that she was a single woman, and acted thereon, doubtless she would be estopped now from asserting the contrary as a defense to this action. She ought not to be estopped from asserting that she signed those notes as surety for her husband, since the jury have found—and the evidence sustains the finding—that such was the fact, and there is no finding here—nor would the evidence sustain one, had it been made—that the bank loaned the money it did, or any part of it, to her. If the making of a loan of more than $6,000 was forbidden by the law under which the bank was organized, we do not see that the receiver is in any position to estop Mrs. Baker from asserting her defense to the notes because of that fact. If the transaction was

9

unlawful, the bank's officers participated in it, and the receiver can no more successfully claim that Mrs. Baker is estopped from asserting her defense to the notes by reason of this unlawful transaction than Mrs. Baker could interpose that unlawful transaction as a defense. This record does not disclose that the bank was induced to make these loans relying upon any representation made by Mrs. Baker contrary to the facts which she al-' leges as a defense here.

3. The third contention of the receiver consists of a very able and exhaustive argument assailing the correctness of the construction placed by this court upon chapter 53, Compiled Statutes, commonly known as the "Married Woman's Act." This construction amounts to this: That the signing of a promissory note by a married woman does not raise the presumption that she intended thereby to render her separate estate liable for its payment, nor that the note was given with reference to her separate property, trade, or business, or upon the faith and credit thereof, and that to an action upon such note coverture is a complete defense, unless the plaintiff shall establish by a preponderance of the evidence that the note was made with reference to, or upon the faith and credit of, the wife's separate estate or business, or with an intention on her part to charge her separate estate with its payment. In the brief filed by counsel for the receiver cases are cited from other courts which place a different construction upon similar statutes. We have read and examined these cases heretofore, and have again studied them, and still we feel that our construction of the statute is correct. The court is divided as to the proper construction of this statute. It has several times been given the most careful consideration of which we are capable, and in *Grand Island Banking Co. v. Wright*, 53 Neb. 574, will be found the views of the majority of the court, sustaining the construction which it has placed upon the statute, and the views of the members of the court who dissent from that construction.

The construction there placed by the majority of the court upon the statute must be considered as closing the question. Of course we may be wrong in the construction which we have placed upon this law—altogether wrong—for we do not pretent to infallibility; but the views expressed in that case are the result of the best judgment we have as to the intention of the legislature, and to that tribunal an appeal should be made for an amendment of the statute, if our construction is unsatisfactory to the bar or the state.

The judgment of the district court is

AFFIRMED.

HARRISON, C. J., not sitting.